# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

BRADLEY J. GUILBEAUX, husband, and
SHARON GUILBEAUX, wife,

        Plaintiffs,

v.

THE KANSAS CITY SOUTHERN
RAILWAY COMPANY, a corporation, and
JLS, INC., d/b/a AAA LIMO, a corporation,

        Defendants.

Case No. CIV-06-474-RAW

## <u>ORDER & OPINION</u>

This matter came before the Court for a hearing on the issue of whether Kansas City Southern Railway Company ("KCS") should be sanctioned for failure to comply with the Settlement Conference Order ("SCO") and Local Civil Rule 16.2 on July 6, 2007. The Court did not impose sanctions upon KCS at the hearing, but took the matter under advisement. The Court now advises that it will not impose sanctions upon KCS, but warns KCS against future noncompliance with this Court's orders and rules. The Court's ruling is memorialized herein.

### <u>Background</u>

The Court entered its SCO in this case on January 26, 2007. The SCO orders, *inter alia*, that "[i]n addition to counsel who will try the case being present, <u>a person with full settlement authority must likewise be present for the conference</u>." [Emphasis added]. The SCO also directs that "[f]or a defendant, such representative must have final settlement authority to commit the company to pay, <u>in the representative's discretion</u>, a settlement amount recommended by the settlement judge up to

the plaintiff's prayer (excluding punitive damages in excess of $100,000.00) or up to the plaintiff's last demand, whichever is <u>lower</u>." Moreover, Local Civil Rule 16(d) states that the lead attorney shall appear at the settlement conference "and shall be accompanied by one with full settlement authority." Rule 16(d) adds: "Failure to attend the settlement conference or failure to cooperate fully may result in the imposition of sanctions in accordance with LCvR 16.1(b)(2) and Fed. R. Civ. P. 16(f)."

The parties attended a settlement conference with Magistrate Judge Shreder on June 7, 2007. That conference ended without settlement. At the Pretrial Conference on June 14, 2007, the parties advised the Court that a second settlement conference or private mediation would be helpful. The Court thereafter set this case for a settlement conference with Magistrate Judge West on June 28, 2007. The SCO entered on January 26, 2007 remained in effect. Additionally, LCvR 16.2 still governed. Less than twenty-four (24) hours prior to the second settlement conference, however, counsel for KCS informed Magistrate Judge West that the appropriate representative from KCS could not or would not make himself available for the settlement conference.

<u>Sanctions</u>

This Court's consideration of sanctions is not to be construed as a tool to further settlement negotiations. A court making a particular ruling in order to motivate settlement is improper. Rather, the Court is concerned with the general failure of many litigants, especially defendants, to appear at settlement conferences in this district with the appropriate representatives. Magistrate Judge West works very hard to settle cases, and this Court, frankly, is tired of litigants wasting her time. In this case, as in many, the Court does not believe the fault lies with counsel. In fact, the Court appreciates counsel's truthfulness. The Court believes the fault lies with the corporate litigant for failure to

make the appropriate representative available. Nevertheless, KCS did engage in good faith settlement negotiations at the rescheduled conference before Magistrate Judge West on July 3, 2007, and no other party to this case asked that the Court impose sanctions. The Court, therefore, will not impose sanctions at this time. Instead, the Court issues a warning. In any future case with KCS as a litigant, the Court reserves the right to specify a settlement representative, up to and including a president or chief executive officer. Furthermore, the Court will not likely be so lenient the next time a party fails to appear with the appropriate settlement representative.

IT IS SO ORDERED this 18th day of July, 2007.

**Dated this 18ᵗʰ Day of July 2007.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma